KING, J.,
Concurring. — I concur in the result but for a different reason. Here, by way of the 10th cause of action, plaintiff and appellant, Valentino Bocanegra, sues defendant and respondent, Deputy District Attorney Donald Jakubowski, for false imprisonment. While I agree that it was proper to sustain the demurrer without leave to amend, I do not agree with the majority’s broad brush approach to the issue of prosecutorial immunity and, in particular, its reliance on Alicia T. v. County of Los Angeles (1990) 222 Cal.App.3d 869 [271 Cal.Rptr. 513] for the proposition that a prosecutor is immune from claims of false imprisonment.
We are dealing with a cause of action for false imprisonment under state law. Our analysis should be guided by Government Code sections 821.6 and 820.4, and the construing case law. The relevant principles are found in Asgari v. City of Los Angeles (1997) 15 Cal.4th 744 [63 Cal.Rptr.2d 842, 937 P.2d 273], Sullivan v. County of Los Angeles (1974) 12 Cal.3d 710 [117 Cal.Rptr. 241, 527 P.2d 865], and Jackson v. City of San Diego (1981) 121 Cal.App.3d 579 [175 Cal.Rptr. 395],
As enunciated in these cases, the determinative factor in distinguishing between malicious prosecution, for which an absolute immunity exists under *859 Government Code section 821.6, and false imprisonment, for which no such immunity exists under Government Code section 820.4, is whether the alleged wrongful conduct is pursuant to valid or lawful process. As stated; “ 4 44 ‘False imprisonment is the unlawful violation of the personal liberty of another’ [citation], the interference . . . [being] absolutely unlawful and without authority ....”’ [Citations.] ‘ “Malicious prosecution is procuring the arrest or prosecution of another under lawful process, but from malicious motives and without probable cause.” ’ [Citations.] Even though each tort may cause a person to be restrained or confined, each remains distinct, protecting different personal interests. False imprisonment protects the personal interest in freedom from restraint of movement; malicious prosecution protects the personal interest in freedom from unjustifiable litigation. [Citation.] When a person ‘ “ ‘is arrested or confined without a warrant, or legal authority apart from a warrant, malicious prosecution will not lie, since the essence of that tort is the perversion of proper legal procedure, and the remedy is false imprisonment. On the other hand, if there is valid process or due authority apart from it, the arrest is not “false” and the action must be one of malicious prosecution.’ ” ’ [Citation.]” (Jackson v. City of San Diego, supra, 121 Cal.App.3d at p. 585.) “ ‘False arrest or imprisonment and malicious prosecution are mutually inconsistent concepts, the former relating to conduct that is without valid legal authority and the latter to conduct where there is valid process or due authority.’ [Citations.]” (Asgari v. City of Los Angeles, supra, 15 Cal.4th at p. 757.)
If the present allegations could be viewed as raising an issue of whether defendant’s alleged wrongful conduct constituted malicious prosecution or false imprisonment, we would be dealing with whether his alleged wrongful conduct was pursuant to valid process or due authority. If his actions occurred under lawful process, but he acted with malicious motives and without probable cause, he would be liable for malicious prosecution but be immune under Government Code section 821.6. If, on the other hand, he was not acting pursuant to valid process or due authority, he could be found liable for false imprisonment for which there is no immunity.
That said, it is evident that the 10th cause of action fails to state sufficient facts to support a false imprisonment theory against defendant. From the second amended complaint it is clear that plaintiff was arrested pursuant to an outstanding bench warrant. Under Penal Code section 980, a clerk of the court issues a bench warrant “after the order for a bench warrant is made.” While a bench warrant may be requested by a district attorney, there are no facts pled that defendant or a district attorney had any role in the request to issue a bench warrant or the execution of the warrant. As such, there are no allegations that defendant instigated or played any role in the initial detention of plaintiff.
*860 “As a rule, one has no duty to come to the aid of another. A person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act.” (Williams v. State of California (1983) 34 Cal.3d 18, 23 [192 Cal.Rptr. 233, 664 P.2d 137].) Here, “plaintiff has not stated a cause of action in that [he] fails to establish a duty of care owed by defendant .... The [prosecutor] did not create the peril in which plaintiff found [himself]; [he] took no affirmative action which contributed to, increased, or changed the risk which would have otherwise existed; there is no indication that [he] voluntarily assumed any responsibility to protect plaintiff[] . . . ; and there are no allegations of the requisite factors to a finding of special relationship, namely detrimental reliance by the plaintiff on the [prosecutor’s] conduct, statements made by [him] which induced a false sense of security and thereby worsened [his] position.” (Id. at pp. 27-28, fn. omitted.) As such, the 10th cause of action fails to state sufficient facts relative to the duty to state a viable cause of action against defendant. The demurrer was properly sustained without leave to amend.
Appellant’s petition for review by the Supreme Court was denied February 17, 2016, S231021.